UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY OF
AMERICA,                                                                    Civil Action No.:_____

                        Plaintiff,

        -against-

ALLIED WORLD NATIONAL ASSURANCE
COMPANY,

                        Defendant.
------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE TRAVELERS INDEMNITY COMPANY OF AMERICA ("Travelers"), and for its Complaint for Declaratory Judgment against Defendant, ALLIED WORLD NATIONAL ASSURANCE COMPANY ("Allied"), alleges as follows:

### Nature of the Action

1. In this action, Travelers seeks a declaration that Allied is obligated to defend and to indemnify TDX Constructions Corporation ("TDX") in connection with an underlying action asserting claims for injuries allegedly sustained by the underlying Plaintiff, Dorian Diaz (the "Claimant"). That lawsuit is styled *Dorian Diaz v. P&K Contracting, Inc., and TDX Construction Corporation*, in the Supreme Court of the State of New York, County of Bronx, Index No.: 32673/2019E (the "Underlying Action").

### Parties

2. At all times relevant hereto, Travelers was and is a Connecticut corporation licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

1

3. Upon information and belief, at all times relevant hereto, Allied was and is a Delaware corporation with its principal place of business in New York.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

6. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Allied.

7. Plaintiff Travelers has no other adequate remedy at law.

### Insurance Policies

8. Allied issued a commercial general liability insurance policy to P&K Contracting, Inc., ("P&K") bearing Policy Number 5051-0266-17, effective July 19, 2017 through July 19, 2018 (the "Allied CGL Policy"). The Policy provides limits of coverage of $2,000,000.00 for personal injury.

9. The Allied CGL Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident subject to certain terms, conditions, and exclusions.

10. The Allied CGL Policy contains an additional insured endorsement titled "Additional Insured-Owners, Lessees Or Contractors-Scheduled Person or Organization" which provides additional insured status for:

| NAME OF ADDITIONAL INSURED PERSON(S) OR ORGANIZATION | LOCATIONS OF COVERED OPERATIONS |
|---|---|
| As required by written contract executed prior to the date of occurrence. | As required by written contract executed prior to the date of an occurrence. |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

A. Section II - Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf,

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.
However:
   1. The insurance afforded to such additional insured only applies to the extent permitted by law; and
   2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

***

11.     The Allied CGL Policy contains a primary and noncontributory endorsement that provides that any such insurance provided under the Allied CGL Policy is primary and non-contributory with any other insurance available to TDX. (See Endorsement CG 20 01 04 13).

12.     Travelers issued a commercial general liability insurance policy to TDX bearing policy number TSLG-160T1271 with effective dates of February 1, 2018 through February 1, 2019 (the "Travelers Policy").

13.     Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an

accident.

14. The Travelers Policy contains excess "other insurance" provisions which provide that coverage under the Travelers Policy is excess over any other coverage available to P&K and any such entities that qualify as additional insureds, where it has been added as an "additional insured."

## BACKGROUND FACTS

15. Prior to the alleged accident in the Underlying Action, P&K and New York City Housing Authority ("NYCHA") entered into a prime contract (the "Contract"), pursuant to which P&K agreed to work as construction manager for a construction project at the Marble Hill Houses located at 2811 Exterior Street, New York, New York 10463 ("the Premises").

16. Prior to the alleged accident in the Underlying Action, P&K and Steel Construction, LLC ("Steel") entered into a subcontract, pursuant to which Steel agreed to perform subcontract work at the Premises.

17. Prior to the alleged accident in the Underlying Action, NYCHA and TDX entered into a contract wherein TDX was retained as a construction manager with limited tasks as the services were all administrative in nature. The express terms of the Agreement set forth the limited extent that TDX was authorized to act as an agent on behalf of NYCHA. (See TDX and NYCHA Agreement p. 9 of 155 hereto attached as **Exhibit "A"**).

18. The terms of the Contract required P&K to maintain general liability insurance that named NYCHA and TDX as "additional insureds" on a primary and non-contributory basis.

19. In the Underlying Action, the Claimant, an employee of Steel, alleges that, on or about June 28, 2018, he was injured when while unloading a steel header beam off a truck owned and loaded by his employer. (A true copy of the Verified Complaint in the Underlying Action is

4

attached hereto as **Exhibit "B")**. In Plaintiff's Supplemental Bill of Particulars dated September 20, 2021, he alleges that he has been out of work since the accident, and has lost earnings, loss of Union benefits, health insurance, and 401K contributions. (See ¶ 17 hereto attached as **Exhibit "C")**. At that time, Plaintiff alleged his lost earning capacity was $202,240.00, and anticipates his future wage loss to be no less than $810,000 as he still had a work life expectancy of twenty years. *Id.* Given the Plaintiff's injuries and damages the amount in controversy shall exceed a million dollars.

20. In the Underlying Action, the Claimant seeks to impose liability on P&K and TDX for alleged bodily injury with respect to operations performed by or on behalf of P&K.

21. The Complaint alleges that "[t]he injuries sustained by the Plaintiff were caused solely as result of the negligence of Defendants in failing to maintain the Premises and the Project sit in a safe condition without any contributory negligence on the part of the Plaintiff…" *See* Exhibit B, ¶ 26.

22. Claimant's complaint further alleges that "Defendants failed in their duty to maintain, inspect, repair and control the Premises, Project and Work." *Id*. at ¶ 30.

23. Travelers is defending TDX in connection with the Underlying Action.

### TENDERS TO ALLIED

24. By correspondence dated May 3, 2020, Travelers tendered the defense, indemnity, and additional insured status of TDX to Allied.

25. By correspondence dated March 11, 2022, Allied wrote to Travelers denying coverage to TDX.

26. To date, Allied still refuses to provide a defense, indemnity and additional insured status to TDX under the Allied CGL Policy.

27. Allied has refused to provide "additional insured" coverage to TDX under the Allied CGL Policy.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

28. Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "27" above as if fully set forth herein.

29. P&K performed work for TDX at the Premises.

30. TDX qualifies as an "additional insured" under the Allied CGL Policy.

31. The coverage provided to TDX under the Allied CGL Policy is primary and non-contributory with any coverage provided by the Travelers Policy.

32. Accordingly, Travelers seeks a declaration that Allied has an obligation to defend and indemnify TDX as an "additional insured" under the Allied CGL Policy; that the coverage provided by the Allied CGL Policy to TDX is primary and non-contributory; and that the obligation of Travelers to TDX in the Underlying Action is excess to proper exhaustion and full payment of the limits of the Allied CGL Policy.

33. In addition, Travelers seeks an award at law and in equity against Allied for recovery of all sums Travelers has paid and continues to pay in the defense of TDX in the Underlying Action because the coverage provided by the Allied CGL Policy is primary to any coverage provided by Travelers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that the Allied CGL Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Allied CGL Policy have been complied with and met.

3. Declaring that the alleged accident and Underlying Action fall within the coverage afforded by the Allied CGL Policy.

4. Declaring that TDX is an "additional insured" under the Allied CGL Policy to whom Allied owes coverage with respect to the Underlying Action;

5. Declaring that Allied has a duty to defend TDX in the Underlying Action up to and including the policy limits of the Allied CGL Policy;

6. Declaring that Allied has a duty to indemnify TDX in the Underlying Action up to and including the policy limits of the Allie CGL Policy;

7. Declaring that the coverage owed by Allied to TDX with respect to the Underlying Action is primary to any coverage provided by Travelers to TDX;

8. Declaring that the obligations of Travelers to TDX in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Allied CGL Policy by means of a verdict, judgment, or settlement;

9. Awarding judgment against Allied in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against TDX in the Underlying Action;

10. Declaring that an actual controversy exists between Travelers and Allied with respect to Allied's duty to defend and indemnify TDX in connection with the Underlying Action;

11. Awarding judgment against Allied in an amount equal to any sums that Travelers may incur to as indemnity for or to otherwise resolve the claims against TDX in the Underlying Action;

12. Granting an award in favor of Travelers for the costs of suit incurred herein; and

13. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 5, 2025

USERY & ASSOCIATES

By: /s/ *Michele A. Lo Presti-Wouters*
Michele A. Lo Presti-Wouters, Esq.
*Attorneys for Plaintiff*
*The Travelers Indemnity Company of America*
Direct: 631.501.3095
Fax: 844.571.3789
Email: mloprest@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
485 Lexington Avenue, 6th Floor
New York NY 10017