```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

THE TRAVELERS INDEMNITY COMPANY OF
AMERICA,
                                              MEMORANDUM & ORDER
                    Plaintiff,               25-CV-1252 (EK)(LGD)


          -against-


ALLIED WORLD NATIONAL ASSURANCE
COMPANY,

                    Defendant.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

    Plaintiff Travelers Indemnity Company ("Travelers") moves, with the consent of defendant Allied World National Assurance Company ("Allied"), to transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). ECF Nos. 16, 17.  That motion is granted.

    Courts apply a two-step analysis to Section 1404(a) motions.  First, the court must determine if there is "any other district" in which the plaintiff could have brought the action. 28 U.S.C. § 1404(a).  Second, the court must determine if transfer to that district is "in the interest of justice."  *Id.* This second step requires the court to consider, among other things,"(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and

relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).

This action could have been brought in the Southern District of New York. Travelers seeks a declaratory judgment that Allied must defend and indemnify a construction company in a state-court action for injuries sustained at a construction site in the Bronx. Compl. ¶¶ 1, 15, 19-20. Therefore, a "substantial part of the events or omissions giving to the claim occurred" in the Southern District. 28 U.S.C. § 1391.

A transfer to the Southern District would also be in the interest of justice. While a plaintiff's initial choice of venue is ordinarily afforded "great weight," *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006), that choice receives less deference when the "facts giving rise to the action have no . . . significant connection to the plaintiff's chosen forum." *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990 (E.D.N.Y. 1991). Here, the complaint reveals no factual connection *whatsoever* to the Eastern District, *see* Compl. ¶¶ 15-20, so the plaintiff's initial choice of venue receives little weight. Because the events underlying this case

2

occurred in the Bronx, the "locus of operative facts" is plainly in the Southern District.  The import of this factor is also muted, of course, when the plaintiff changes its mind and moves for the transfer of venue itself.  And as for the remaining factors, the proximity between the Eastern and Southern Districts renders them largely neutral.  *E.g.*, *Ahmed v. T.J. Maxx Corp.*, 777 F. Supp. 2d 445, 449 (E.D.N.Y. 2011).

Accordingly, the Court concludes that the interests of justice would be served by transferring this case to the Southern District of New York.  The motion to transfer venue under Section 1404(a) is granted.  The Clerk of Court is directed to transfer this case to the Southern District of New York.  The seven-day waiting period under Local Rule 83.1 is waived.

SO ORDERED.

      /s/ Eric Komitee
      ERIC KOMITEE
      United States District Judge

Dated:   September 17, 2025
        Brooklyn, New York